*Kunkel and Simonton, for defendant.*

---

*Court of Common Pleas, Dauphin County, June 2d,* 1862.

FLECK ET AL. *v.* THE COUNTY OF DAUPHIN.

A county is liable to pay the costs of arresting and committing vagrants or drunk and disorderly persons, discharged from the county prison, who are unable to pay them. An officer cannot charge mileage for taking a person arrested to the office of a magistrate and from thence to the jail, when the distance is less than one mile.

BY THE COURT.—The case, as stated, presents nothing definite for the decision of the court as to the amounts due to the plaintiffs, if anything; but certain bills, showing the nature and character of the claims, accompany the case, but are not made part of it. It is understood that, on the court deciding certain abstract principles, a correct settlement can be made by the counsel in the cause. This we do for their accommodation; but the course pursued in this particular is not to be brought into precedent hereafter. The first question raised relates to the liability of the county to pay the costs for arresting and committing vagrants or drunk and disorderly persons, who are discharged from prison,

[Fleck et al. *v.* The County of Dauphin.]

being unable to pay the costs. That the county is liable there can be no doubt. The very point is ruled by the Supreme Court in Northampton County *v.* West (4 C. 173). It should appear, however, that the persons were punished for these offences by being committed to prison *at hard labor*, and were discharged on account of inability to pay costs.

The next question relates to the amount of fees to be received by the constable for such arrest and commitment. The fee bill of 1857 was, as we conceive, framed with great care, and allowed about a just and fair compensation for services of the character described in these bills: twenty-five cents for each arrest and taking the party before the magistrate, and a like sum for each committal to prison; or where the party was bailed after being given into the custody of the officer, and before committal. This was a general law, extending throughout the State except in the city of Philadelphia. Section 17 of the act of 19th March, 1860, however, changed the fee bill as to the city of Harrisburg alone, leaving the general law to prevail in other parts of the county. That statute revived and adopted the fee bill of 1814, which gives the constable thirty-seven and a half cents for executing a warrant on behalf of the commonwealth, or arresting without a warrant disorderly persons or other offenders against the law; conveying to jail on a *mittimus*, thirty-seven and a half cents, and where bail is entered after the person is committed into custody, and before commitment to prison, twenty-five cents. These are the fees, which can be legally charged in the present case, except for arresting and committing vagrants, which must be governed by the act of 2d April, 1860. That act allows twenty cents for arresting the vagrant and taking him before a justice, and twenty-five cents for conveying to jail, and mileage as in other cases. It has been contended that this law was designed to embrace the arrests of persons drunk and disorderly, as well as vagrants; but we can find nothing to that effect in the statute. The offences are distinct in their character, and no other word is used except "*vagrants.*" It is impossible to extend the law to other cases not named; and if the legislature so intended, it should have used apt words to express its meaning. A further question is raised as to the mileage in these arrests and commitments. It is said to be the practice of the constables in this city to charge one mile circular in each case of arrest, however near it may be made to the office of the justice, and one mile circular for conveying the person committed to the prison, without regard to the distance the magistrate's office may be therefrom; this on the principle that there can be no fractions of a mile. They are right in the principle, but wrong in its application. There can be no charge for the fractions of a mile; and if the distance from the place of arrest to the office of the justice, and back to the residence, usual place of business, or lo-

cation of the constable, is less than one mile circular, there can be no charge of mileage. Where the arrest is made on a warrant, the mileage must be computed from the office of the justice to the place of arrest and back to the office. If the distance from the office of the committing magistrate to the prison and back again to the office be less than one mile circular, a like rule must prevail. There can be no *constructive* mileage, but the constable can only charge for the distance actually travelled. If less than one mile circular be actually and necessarily gone over, the law contemplates that the fees allowed will be sufficient compensation. The fee bill only permits remuneration for services named therein and actually performed; and the officer who takes other or greater fees, or for services not rendered, subjects himself to a penalty of fifty dollars in each case, and also to an indictment for extortion. The mileage charged in these bills must be disallowed, except where the distance travelled is at least one mile circular.

We can give no judgment in these cases until the amounts are agreed upon.