## Commonwealth v. Mateer

*Ray T. Harrigan*, for Commonwealth.

*J. Boyd Landis*, for defendant.

REESE, P. J., September 18, 1942.—Defendant in these two cases has filed an appeal from the taxation of the costs of prosecution.

## *Justice's costs*

Exceptions have been taken to the justice's charges for issuing a warrant and a commitment in each case. The chief basis of the exceptions is, first, that defendant had been arrested without a warrant and that hence no warrant was necessary and, secondly, that the commitment was improper because defendant was not first brought before the justice in pursuance of the warrant. It is well settled that an arrest without a warrant may be justifiable. The officer making such an arrest should within a reasonable time take the proper steps and secure the proper process in order to legalize the further detention of defendant. Hence, there was no impropriety in the issuance of the warrants. A commit-

ment was necessary in order to lodge defendant in jail. Therefore, the justice's fee for a commitment in each case is proper.

The justice charged a fee of $1 for the issuance of a subpœna. Admittedly this should have been but 80 cents, inasmuch as the subpœna contained the names of four witnesses. In no. 3, May term, 1941, the justice's costs are reduced by 20 cents.

### Constable's costs

Objection is made that no costs should be allowed the constable for the service of any warrant or commitment. The basis for this objection, as in the case of the justice's costs in respect thereto, is that the arrest was made without a warrant and that defendant was not taken before the justice before the commitment was issued. This objection cannot be sustained, for the reasons already stated. However, it appears that the constable served only one of the two warrants, hence he is not entitled to a fee for serving the other warrant. Objection is also made to the constable's mileage fees. In each case the constable charged 20 cents mileage for the service of each of the following: Warrant, commitment, discharge, and recommitment. He also charged 60 cents mileage for the service of the subpœna. The facts disclose that in no case did the constable travel more than a total of one mile in serving any one of the foregoing papers. A constable is not entitled to any mileage charge where the total distance traveled is less than one whole mile: Fleck et al. v. Dauphin County, 1 Pears. 220; Doran v. Northampton County, 19 Dist. R. 515. In the Fleck case it was said that, if the distance be less than one mile circular, the law contemplates that the fees allowed will be sufficient compensation. The constable also charged $1.20 for serving a search warrant and the mileage. Admittedly he had nothing to do with serving the search warrant, and hence his charge in this respect is improper. The constable also

charged $1.50 for serving the subpœna for a preliminary hearing. Inasmuch as the names of four witnesses appeared on the subpœna, the proper charge should have been $1.25. It is contended that he should not be ·allowed any fee for serving the subpœna inasmuch as the subpœna was not technically served. Three of the witnesses who were police officers were summoned to appear at the hearing by the constable leaving a message for them at the police station. The fourth witness the constable contacted by telephone. The.sufficiency of service would be important, in our opinion, if it were attempted to punish the witnesses for nonappearance. We do not regard it as important in the matter now before us. What the constable did in pursuance to the subpœna produced the witnesses at the proper time. Hence, we feel he is entitled to his proper fee. From the foregoing it appears that the constable's costs in no. 41, May sessions, 1941, are excessive in the amount of $1.45, and in no. 3, May term, 1941, in the amount of $3.

### Witness fees

It appears that three of the four witnesses summoned appeared at the justice's office for the preliminary hearing. At the proper time the justice called the cases for hearing, but after some discussion preliminary hearing was waived in each case. Defendant contends that none of the witnesses is entitled to fees, because no hearing was held. It is well settled, however, that a witness is entitled to his fee where he attends in obedience to a subpœna, whether he is examined or not: Cody v. Clelam & Drury, 1 Pa. C. C. 8; Dellinger v. Dellinger, 1 Pa. C. C. 13; and Commonwealth v. Smith et al., 4 Pa. C. C. 321. The case last cited also holds that, where a witness is not subpœnaed but attends a hearing or trial on request and is then not examined, he is still entitled to his fee for attendance if the court is satisfied that his attendance was procured in good faith with the expectation that his

testimony would be required. Hence, the three witnesses who attended were entitled to their proper fee. It was improper, however, to charge a fee for the fourth witness who was summoned but did not appear. The witnesses who appeared are entitled to but one fee, even though they were summoned as to both cases. Where a witness attends court he is entitled to but one fee for his attendance, without regard to the number of proceedings in which he may testify: Curtis v. Buzzard, 15 S. & R. 21; Cody v. Clelam & Drury, supra; Keller v. Clinton County, 4 Dist. R. 216. Hence, it was improper to charge witness fees in both of the cases now before us. The fee for each witness was fixed at 66 cents. Under the Act of July 3, 1885, P. L. 256, a witness before a justice of the peace is entitled to 50 cents for each day necessarily in attendance and three cents for each mile necessarily traveled in going to and returning from the office of the justice. The facts disclose that none of the witnesses traveled more than a mile in going to and returning from the justice's office. No mileage can be allowed where the total distance traveled is less than one mile. If this is true as to constables, it should also apply to witnesses. It follows, therefore, that the total witness fees should have been $1.50. Hence, we must deduct $1.14 from the costs in this respect in no. 41, May sessions, 1941, and strike off the entire amount of $2.64 charged for witness fees in no. 3, May term, 1941.

### County costs

In each case exception is taken to a charge of 75 cents for "retraction of plea", and 50 cents for a recognizance. Inasmuch as there was no retraction of plea in either case, no charge therefor should have been made. Subsequent to the appeal from the taxation of costs defendant was paroled and entered recognizances; hence, the charge in respect to recognizances is proper.

In each case, therefore, the county costs are reduced by the sum of 75 cents.

The costs as taxed in no. 41, May sessions, 1941, amounted to $26.84. We have sustained exceptions as to $3.34, leaving proper costs of $23.50. In no. 3, May term, 1941, the costs were taxed at $28.44. We have sustained exceptions aggregating $6.59; hence, the proper costs in this case are $21.85.

### Orders

And now, September 18, 1942, in no. 41, May sessions, 1941, the appeal from the taxation of costs is sustained to the extent indicated in the opinion filed herewith, and the proper costs are fixed at $23.50.

And now, September 18, 1942, in no. 3, May term, 1941, the appeal from the taxation of costs is sustained to the extent indicated in the opinion filed herewith, and the proper costs are fixed at $21.85.